ELAINE SCHRATWIESER ET AL. *v.* HARTFORD
CASUALTY INSURANCE COMPANY
(15887)

Dupont, C. J., and Foti and Lavery, Js.

Submitted on briefs March 6—officially released April 15, 1997

*Seth J. Arnowitz* and *Alysia J. Endick* filed a brief for the appellants (plaintiffs).

*Philip F. von Kuhn* filed a brief for the appellee (defendant).

FOTI, J. The plaintiffs appeal from the summary judgment rendered in favor of the defendant. They claim that the trial court improperly determined that (1) there was no genuine issue of material fact relating to whether the plaintiff Elaine Schratwieser was an insured under her father's policy of insurance and (2) the plaintiff Paul Schratwieser did not allege a claim on his own behalf. We reverse the judgment of the trial court.

The following facts are necessary for the disposition of the appeal. The plaintiffs commenced this action against the defendant to recover uninsured and underinsured benefits pursuant to a policy of insurance, purchased by the plaintiff Paul Schratwieser, covering him as the named insured together with his relatives who are residents of his household. In their three count complaint, the plaintiffs allege that the plaintiff, Elaine Schratwieser, Paul's daughter, was a passenger in a car that collided with another vehicle in Stamford. In the first count, the plaintiffs seek uninsured motorist coverage, alleging that the vehicle in which Elaine was riding was uninsured. In the second count, the plaintiffs allege that the driver of the car in which Elaine was riding was underinsured and seek underinsured motorist coverage. In the third count, the plaintiffs allege a breach of the implied covenant of good faith because the defendant's denial of the plaintiffs' claim was untimely and the reasons for denial were not fully and fairly set forth.

The defendant moved for summary judgment on the ground that Elaine was not a resident of her father's household at the time of the accident and, therefore, not an insured under the policy. The defendant also moved for summary judgment against Paul on the ground that he had not asserted a claim on his own

behalf. Both sides filed depositions of Elaine's testimony, the defendant in support of its motion and the plaintiffs in opposition.[1] After graduating from college in September, 1990, Elaine obtained a full-time job in Washington, D.C., moved into an apartment in Virginia, and was living there at the time of the accident on November 26, 1991. She had a Virginia telephone number and her automobile was registered and insured in Virginia. At the time of the accident, she was visiting her parent's home in Harrison, New York, for the Thanksgiving holiday. She has her own room and her own keys to her parent's home, stores personal belongings there and intends to return to Harrison someday. She also spends some weekends and holidays at her parents' home. The trial court, in rendering summary judgment, determined that the "defendant presented sufficient evidence to show that [Elaine's] residence is in Virginia and not in New York with her parents."

The standard of review of a trial court's decision granting a motion for summary judgment is well settled and is not challenged in this case. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof

---

[1] In interpreting our decision in *Esposito* v. *Wethered*, 4 Conn. App. 641, 496 A.2d 222 (1985), the Superior Court has been split as to whether deposition testimony, either uncertified or certified, may be considered for the purposes of a motion for summary judgment pursuant to Practice Book § 384. Since our decision in *Esposito*, we have not determined it to be improper for a trial court to consider deposition testimony in ruling on a motion for summary judgment. See *Union Trust Co.* v. *Jackson*, 42 Conn. App. 413, 420, 679 A.2d 421 (1996); *Battistoni* v. *Weatherking Products, Inc.*, 41 Conn. App. 555, 560–61, 676 A.2d 890 (1996). Here, both parties submitted depositions as part of their documents in support or in opposition to the motion for summary judgment without objection. Moreover, the evidence presented by the plaintiff in affidavits provides a sufficient evidentiary basis for our disposition of this appeal. We, therefore, accept the record as it has been submitted to us without ruling on the propriety of deposition testimony when submitted with a motion for summary judgment.

submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "material fact" is a fact that will make a difference in the result of the case. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact." *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980). A trial court "must view the evidence in the light most favorable to the nonmoving party." *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 781, 595 A.2d 334 (1991); *Remington* v. *Aetna Casualty & Surety Co.*, 35 Conn. App. 581, 583, 646 A.2d 266 (1994). "The test is whether a party would be entitled to a directed verdict on the same facts." *Batick* v. *Seymour*, 186 Conn. 632, 647, 443 A.2d 471 (1982). "[C]onstruction of a contract of insurance presents a question of law for the [trial] court which [an appellate] court reviews de novo." *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 51, 58, 588 A.2d 138 (1991).

Viewing the evidence in the light most favorable to the plaintiffs, we disagree with the trial court's determination that there existed no genuine issue of material fact. In this case, the defendant, in order to be entitled to summary judgment, had to show the absence of a genuine issue regarding whether Elaine was a covered person at the time of the accident. In *Remington* v. *Aetna Casualty & Surety Co.*, supra, 35 Conn. App. 581, we reversed a summary judgment that the trial court rendered, after finding that a defendant had sustained its burden by demonstrating that a plaintiff was not a member of an insured's household at the time of an accident.

This case is similar to *Remington*. Elaine's deposition testimony and her affidavit set forth that she frequently

visited her parent's home, kept belongings there, and kept one of the bedrooms as her own, which no one else occupied and which was separate and distinct from the guest room. She also received mail there and used her parent's home as her permanent home, intending to return there someday. We indicated in *Remington*, in quoting from *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 111, 639 A.2d 507 (1994), that "[i]ntent is clearly a question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case."

Whether a person is a resident within a household must be determined on the factual circumstances in each case. *Griffith* v. *Security Ins. Co.*, 167 Conn. 450, 458, 356 A.2d 94 (1975). We must determine whether there was sufficient evidence to show a close familial relationship and joint occupation to constitute a household. *Middlesex Mutual Assurance Co.* v. *Walsh*, 218 Conn. 681, 686, 590 A.2d 957 (1991); *Remington* v. *Aetna Casualty & Surety Co.*, supra, 35 Conn. App. 581; *Lawrence* v. *New Hampshire Ins. Co.*, 29 Conn. App. 484, 492, 616 A.2d 806 (1992).

We conclude that the evidence presented, together with the inferences that could reasonably be drawn from that evidence, including evidence of Elaine's intent, was sufficient to raise a genuine issue of material fact as to whether she was a resident in her father's household and capable of supporting such a finding by a reasonable fact finder.

Because summary judgment was improperly rendered as against Elaine, it necessarily must be considered to have been also improperly rendered as against Paul. As the named insured, he is a proper party to the action as the named insured in the contract of insurance between him and the defendant.

The judgment is reversed and the case is remanded to the trial court for further proceedings.

In this opinion the other judges concurred.