[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This proceeding arose out of an incident in which a dog owned by the defendant, John Garcia, allegedly attacked the plaintiff while he was making a service call at Garcia's residence, which residence is owned by Garcia's parents, defendants Joao and Maria Garcia. In counts three and four of his complaint, the plaintiff asserts a claim of liability under Sec. 22-357 of the General Statutes (known as Connecticut's "dog bite" statute) and a common law negligence claim, respectively, against Joao and Maria Garcia (hereinafter the Garcias). The Garcias now move for summary judgment on counts three and four on the grounds that: (1) the Garcias were not the owners or keepers of the dog under Sec.22-357; and (2) as the landlords of the premises where their tenant kept the dog, the Garcias did not owe a duty to the plaintiff.
The motion for summary judgment necessarily must fail because CT Page 7580 it doe not comport with the requirement in Section 379 of the Practice Book. That section requires that the moving party "must obtain the court's permission to file a motion for summary judgment after the case has been assigned for trial." In the present case, the defendants claimed the case to the jury list on December 28, 1995, the plaintiff claimed the case to the civil trial list on May 20, 1996, and on May 24, 1996, the court assigned this case a trial date of July 22, 1997. Since the Garcias did not seek the court's permission when they filed their motion for summary judgment on November 13, 1996, it cannot be successfully entertained.
However, the court notes for the benefit of the parties the proper manner in which to oppose a motion for summary judgment. Section 380 of the Practice Book provides that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts . . . under oath, disclosures, written admissions and the like. . . . The adverse party . . . shall file opposing affidavits and other available documentary evidence." Practice Book § 380. See also Doty v. Mucci, 238 Conn. 800, 805-06
(1996) ("[T]he party opposing [a motion for summary judgment] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."). Connecticut decisional law makes clear that "[o]nly evidence that would be admissible at trial may be used to support or oppose . . . summary judgment." Peerless Ins. Co. v. Gonzalez, 241 Conn. 476,481 (1997). While there is a split of authority as to whether deposition testimony may be considered for the purposes of a motion for summary judgment, see Schratwieser v. HartfordCasualty Ins. Co., 44 Conn. App. 754, 756 n. 1 (1997), it is this court's position that any copies of deposition transcripts, if considered at all, must at least be certified and complete, not excerpted. See Thomas v. Mazzucco, Superior Court, judicial district of Litchfield, Docket No. 064678 (April 23, 1996, Pickett, J.).
Moreover, a proper affidavit is a written statement taken under oath before an authorized officer. Brookfield v. CandlewoodShores Estates, Inc., 201 Conn. 1, 8 (1986). Section 381 of the Practice Book "sets forth three requirements necessary to permit the consideration of material contained in affidavits submitted in a summary judgment proceeding. The material must: (1) be based on `personal knowledge'; (2) constitute facts that would be admissible at trial; and (3) affirmatively show that the affiant CT Page 7581 competent to testify to the matters stated in the affidavit."Barrett v. Danbury Hospital, 232 Conn. 242, 251 (1995). This court strongly suggests that when opposing a motion for summary judgment in the future, the plaintiff will submit competent evidence to demonstrate the existence of a material issue of fact.
Moraghan, J.