[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'SMOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 126)
The plaintiff, Southbridge Associates, commenced this action to foreclose mortgages executed by the defendant, Albert Garofalo. The defendant, Pequot Motor Inn, guaranteed both of the notes. The original holder of the notes and mortgages, the Connecticut Bank and Trust Company (CBT), assigned the loan documents to Fleet National Bank (Fleet) who in turn assigned the documents to the plaintiff.
On July 11, 1997, the plaintiff filed a motion for summary judgment and a supporting memorandum. The plaintiff moves for summary judgment on the ground that its complaint and the defendants' special defenses, counterclaims, and set-offs present no genuine issue of material fact and that it is entitled to judgment as a matter of law on the issue of liability. The defendants filed a memorandum of law in opposition on August 18, 1997. The plaintiff filed a reply memorandum of law on August 21, 1997.
STANDARD
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596 (1996). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. New Britain GeneralHospital, 239 Conn. 574, 582, 687 A.2d 111 (1996). "The movant CT Page 10072 must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact . . . ." (Internal quotation marks omitted.)Miller v. United Technologies Corp., 233 Conn. 732, 751-52,660 A.2d 810 (1995). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . ." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; internal quotation marks omitted.) Id. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id. The court may consider not only the facts presented by the parties' affidavits and exhibits, but also "the inferences which could be reasonably and logically drawn from them. . . ." United Oil Co. v. UrbanRedevelopment Commission, supra, 158 Conn. 381. A party's conclusory statements, "in the affidavit and elsewhere," may not "constitute evidence sufficient to establish the existence of disputed material facts." Gupta v. New Britain General Hospital,
supra, 239 Conn. 583. The Connecticut Appellate Court has "not determined it to be improper for a trial court to consider deposition testimony in ruling on a motion for summary judgment."Schratwieser v. Hartford Casualty Ins. Co., 44 Conn. App. 754,756, n. 1, ___ A.2d ___ (1997).
The plaintiff contends that there is no genuine issue of material fact with regard to its complaint. The defendant Garofalo has admitted that he executed the loan documents in question for himself and on behalf of the defendant Pequot Motor Inn, Inc. (Affidavit in Support of the Plaintiff's Motion for Summary Judgment, Exhibit A: Deposition of the Defendant Albert Garofalo, pp. 14-15; Affidavit of Albert Garofalo, ¶ 3.) Garofalo has also admitted that he defaulted on the loans. (Affidavit in Support, Exhibit A: Deposition of Garofalo, pp. 8-10, 20-21; Affidavit of Garofalo, ¶ 6.) Moreover, the defendants do not argue to the contrary in their memorandum of law. Consequently, it is clear that there is no genuine issue of material fact concerning the defendants' execution and default of the loans. CT Page 10073
The first special defense alleges that the plaintiff has failed to cite a necessary and indispensable party. The plaintiff argues that the first special defense does not create a genuine issue of material fact because it should have been raised in a motion to strike. "[T]he exclusive remedy for nonjoinder of parties is by motion to strike . . . . This exclusive remedy applies to nonjoinder of indispensable parties." (Citations omitted; internal quotation marks omitted.) George v. St. Ann'sChurch, 182 Conn. 322, 325, 438 A.2d 97 (1990). Moreover, the defendants have not made any argument with respect to the first special defense in their memorandum. As a result, the first special defense does not bar the plaintiff's recovery or raise a genuine issue of material fact.
The second special defense alleges that the plaintiff lacks standing to bring the present action because "the July 18, 1986 $3,000,000 Note has been endorsed paid to the order of Kennedy Funding, Inc. as collateral security pursuant to the terms of a Loan and Security Agreement dated as of October 3, 1996." The plaintiff argues that this defense should be raised in a motion to dismiss and it therefore does not create a genuine issue of material fact. "[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656,674 A.2d 821 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
The plaintiff admits that "the loan documents for the $3,000,000 Note have been collaterally assigned from Southbridge to Kennedy Funding, Inc. in connection with a financing unrelated to these loans . . . ." (Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, p. 7.) The assignment agreement, however, states that "[u]ntil default by the Assignor under this Agreement or any default by the Assignor under any other agreements with the Assignee or in payment of performance of any of the obligations or agreements evidencing or relating to the Financing Agreements, the Assignor may continue to demand, receive and enforce said rights, interests and benefits under and in accordance with the terms of the Fleet Documents and the Assignee shall refrain from doing same." (Affidavit in Support, Exhibit B: Collateral Assignment of Documents, § 3(a).) CT Page 10074
There is no evidence in the record that indicates that the plaintiff has not fulfilled its obligations under the assignment agreement. Furthermore, the defendants have not raised any argument in support of the second special defense in their brief. Consequently, the second special defense does not bar recovery or establish any genuine issue of material fact.
The third special defense and counterclaim and set-off one allege that the plaintiff and its predecessors-in-interest violated the implied covenant of good faith and fair dealing.[1] The plaintiff argues that the third special defense and counterclaim and set-off one do not attack the making, validity, or enforcement of the notes or mortgages. Therefore, the plaintiff concludes that the defendants' allegations do not raise a genuine issue of material fact.[2] The third special defense and counterclaim and set-off one allege that the plaintiff and its predecessors-in-interest violated the implied covenant of good faith and fair dealing.
An allegation that the implied covenant of good faith and fair dealing has been breached is a valid defense in a foreclosure action. Berkeley Federal Bank Trust v. Rotko,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.); ProvidentFinancial Service v. Berkman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135310 (February 17, 1995, D'Andrea, J.); Bank of Boston Connecticut v. Calabrese,
Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.); National Mortgage Co. v. McMahon,
Superior Court, judicial district of New Haven at New Haven, Docket No. 349246 (February 18, 1994, Celotto, J.) (9 C.S.C.R. 300); Citicorp Mortgage, Inc. v. Kerzner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 036379 (January 15, 1993, Curran, J.). This allegation is proper only when it attacks the making, validity, or enforcement of the note or mortgage rather than some act or procedure of the mortgagee. Berkeley Federal Bank Trust v. Rotko, supra, Superior Court, Docket No. 318648; Provident Financial Service v.Berkman, supra, Superior Court, Docket No. 135310; Bank of BostonConnecticut v. Calabrese, supra, Superior Court, Docket No. 118337; National Mortgage Co. v. McMahon, supra, 9 C.S.C.R. 300. "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection CT Page 10075 with the subject of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action."Provident Financial Service v. Berkman, supra, Superior Court, Docket No. 135310; National Mortgage Co. v. McMahon, supra, 9 C.S.C.R. 300-01.
In support of the allegation that the implied covenant of good faith and fair dealing was breached, Garofalo attests that "[i]n April of 1996, Fleet Bank, f/k/a CBT, demanded payment due to my inability to keep up with the payment schedule while I was confined to a nursing home due to an extended illness. In May 1996, I became aware that Fleet was accepting bids to purchase the subject loans . . . . I made an offer to purchase the subject loans which offer I understand was higher than that ultimately accepted by Fleet Bank . . . . Ultimately, I learned from a source outside of the Bank that the loans were sold below what I had offered to purchase them." (Affidavit of Garofalo, ¶¶ 6-7,9-10; see also Defendants' Answer, Third Special Defense and Counterclaim and Set-Off One.)
It is clear that the defendants' allegations do not attack the making, validity, or enforcement of the note or mortgage. SeeProvident Financial Service v. Berkman, supra, Superior Court, Docket No. 135310 (the failure to negotiate following default does not address the making, validity, and enforcement of the note and is legally insufficient); Bank of Boston Connecticut v.Calabrese, supra, Superior Court, Docket No. 118377 (negotiations following the default of the mortgagor do not go to the making, validity, or enforcement of the mortgage); National Mortgage Co.v. McMahon, supra, 9 C.S.C.R. 301 (the plaintiff's business judgment during workout negotiations does not address the making, validity, or enforcement of the note and mortgage); First FederalBank v. Zavatsky, Superior Court, judicial district of Danbury, Docket No. 308950 (September 24, 1993, Moraghan, J.) (8 C.S.C.R. 1128, 1129) (the plaintiff's refusal to dispense funds so that the defendant could avoid foreclosure does not address the making, validity, or enforcement of the note and mortgage).
Accordingly, the third special defense is improper because it does not address the making, validity, or enforcement of the note and the counterclaim is improperly raised in this action.
The fourth special defense and counterclaim and set-off two allege that the plaintiff and its predecessors-in-interest have breached their fiduciary duties. The plaintiff argues that these CT Page 10076 allegations do not attack the making, validity, or enforcement of the note or mortgage. Furthermore, the plaintiff contends that no fiduciary duty was owed to the defendants.
A fiduciary relationship exists where "there is a justifiable trust confided on one side and a resulting superiority and influence on the other." Harper v. Adametz, 142 Conn. 218, 225,113 A.2d 136 (1955). There is generally no fiduciary relationship between a lender and a borrower. Dime Savings Bank v. Lombardi,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145967 (May 7, 1996, Ryan, J.); Krondes v.Norwalk Savings Society, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288829 (April 3, 1995, Cocco, J.); Bristol Savings v. Miller's Chevrolet, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 703524 (April 27, 1993, Satter, S.T.R.); Cooper v. Burby,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 387563 (April 29, 1992, Satter, S.T.R.) (7 C.S.C.R. 591, 593). "No per se fiduciary relationship exists by virtue of the borrower-lender relationship between a bank and a customer . . . without exceptional circumstances that would establish the existence of a confidential relationship." (Internal quotation marks omitted.) Dime Savings Bank v.Lombardi, supra, Superior Court, Docket No. 145967. See alsoKrondes v. Norwalk Savings Society, supra, Superior Court, Docket No. 288829. "A fiduciary relationship may arise where there is a long history of dealings between the [borrower] and the bank, and where the bank acts as the [borrower's] financial advisor . . . or where the bank gains the confidence of the borrower and purports to act or advise with the borrower's interests in mind." (Citations omitted; internal quotation marks omitted.) DimeSavings Bank v. Lombardi, supra, Superior Court, Docket No. 145967. See also Krondes v. Norwalk Savings Society, supra, Superior Court, Docket No. 288829; Cooper v. Burby, supra,7 C.S.C.R. 593.
Garofalo attests that "[t]hroughout the 1980's and 1990's I had continuous and extensive financial dealings with CBT, (referred herein as Fleet Bank, f/k/a CBT). In those dealing (sic), various officers and representatives of Fleet Bank, f/k/a CBT, continuously assured me of their good intentions and advised me how they appreciated our banking relationship."[3]
(Affidavit of Garofalo, ¶¶ 4-5.)
These assertions, even if true, do not establish a fiduciary CT Page 10077 relationship. The defendants have not alleged facts which indicate that the plaintiff or the plaintiff's predecessors acted as the defendants' financial advisor or gained the confidence of the defendants. Furthermore, although representatives of Fleet Bank may have assured Garofalo of their good intentions, this does not establish that they intended to act with the defendants' interests in mind. A lender "has a right to further its own interest in a mortgage transaction and is under no duty to represent the customer's interest. For the law to impose such a duty would alter the debtor-creditor relationship and preclude banks from making a profit out of the transaction." Krondes v.Norwalk Savings Society, supra, Superior Court, Docket No. 288829. See also Cooper v. Burby, supra, 7 C.S.C.R. 593; BristolSavings v. Miller's Chevrolet, supra, 8 C.S.C.R. 504. Moreover, Garofalo is an attorney who is admitted to practice in Connecticut. (Affidavit in Support, Exhibit A: Deposition of Garofalo, p. 13.) Certainly, this fact reduces the likelihood that the plaintiff or its predecessors held a position of superiority and influence over the defendants and the court is unable to find that a fiduciary relationship existed between the defendants and the plaintiffs or the plaintiffs' predecessors.
However, even if a fiduciary relationship did exist, the breach of duty must relate to the making, validity, or enforcement of the note or mortgage. See First Federal Bank v.Zavatsky, supra, 8 C.S.C.R. 1128-29; Bristol Savings Bank v.Miller's Chevrolet, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 514407 (October 19, 1992, Aurigemma, J.). The defendants allege that the fiduciary duty was breached when Fleet Bank sold the loans to the plaintiff for an amount less than what Garofalo was willing to pay. (Answer, Third Special Defense and Counterclaim and Set-Off One, ¶¶ 8-9; Fourth Special Defense and Counterclaim and Set-Off Two, ¶¶ 11-12; Affidavit of Garofalo, ¶¶ 9-10.) As noted above, these allegations do not attack the making, validity or enforcement of the note. Consequently, the fourth special defense does not bar recovery and the second counterclaim is improper.
The fifth special defense alleges that the plaintiff "is barred under the doctrines of waiver and estoppel from recovering in excess of that which it paid for said Loan Documents." Estoppel and waiver are permissible defenses in a foreclosure action. See Berkeley Federal Bank Trust v. Rotko, supra, Superior Court, Docket No. 318648 (equitable estoppel and waiver of a right to accelerate the debt are recognized defenses in a CT Page 10078 foreclosure action). Accord Berkeley Federal Bank Trust v.Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.).[4]
These defenses must address the making, validity, or enforcement of the note or mortgage. Berkeley Federal Bank Trust v. Rotko,
supra, Superior Court, Docket No. 318648; Berkeley Federal Bank Trust v. Phillips, supra, Superior Court, Docket No. 317957. In support of this defense, the defendants rely on the same set of facts that formed the basis of their other defenses, counterclaims, and set-offs. (See Answer, Fifth Special Defense; Affidavit of Garofalo ¶¶ 7-12.) Once again, these allegations, even if true, do not attack the making, validity, or enforcement of the note or mortgage. As a result, the fifth special defense does not raise a genuine issue of material fact.
In view of the foregoing, it is clear that there are no genuine issues of material fact as to the plaintiff's complaint. Furthermore, the defendants' special defenses and counterclaims are improper. Consequently, the plaintiff's motion for summary judgment on the issue of liability as to its complaint and the defendants' counterclaims is granted.
WEST, J.