[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT # 134
The plaintiffs, Mark Hamilton and Laura Hamilton, commenced this negligence action arising out of a motor vehicle accident against the defendant, Linda Morgan, by service of process on June 27, 1995. The plaintiffs filed a revised complaint on November 2, 1995. The plaintiffs alleged that on August 12, 1993, the defendant, Linda Morgan, was driving her car and was struck from behind by defendant, Joseph Orban. As a result of being rear-ended, Linda Morgan was thereby propelled forward into the rear of Mark Hamilton's car, which was being driven by Mark Hamilton and in which Linda Hamilton was a passenger.
On June 11, 1996, the plaintiffs filed a motion to cite in Linda Morgan's son, Justin Morgan, as a party defendant on the basis that he may have been driving the car when it struck the plaintiffs. The motion to cite in was granted on July 22, 1996 (Tobin, J.). The plaintiffs filed an amended complaint dated August 7, 1996. In their amended complaint, the plaintiffs allege that the negligence of Linda Morgan "or that of her son," caused the plaintiffs' injuries and damages. Specifically, the plaintiffs allege that Linda Morgan or her son, were negligent in one or more of the following ways:
a. failing to keep a reasonable lookout and pay attention to where he or she was going;
b. operating the car at a greater speed than the circumstances warranted;
c. failing to sound the horn or give a timely warning of the impending collision to the plaintiff;
d. operating the car with defective or inadequate brakes, or failing to apply the brakes in time to avoid the collision; CT Page 5253
e. failing to keep the car under proper control;
f. failing to turn the car in time to avoid the collision;
g. violating General Statutes § 14-218(a) by operating the car at a greater speed than reasonable with regard to the width, traffic, and use of the highway, the intersection of streets, and weather conditions;
h. speeding in violation of General Statutes § 14-219;
I. failing to yield the right of way to the plaintiff;
j. violating General Statutes § 14-218(b) by operating the car at an unreasonable speed;
k. violating General Statutes § 14-222(a) by operating the car in a reckless and dangerous manner with regard to the width, traffic, and use of the highway, the intersection of streets, and the weather conditions;
l. violating General Statutes § 14-240a in operating the car too closely to the rear of the plaintiff's car.
The defendants, Linda Morgan and Justin Morgan, filed a motion for summary judgment on March 31, 1997. The defendants filed a memorandum of law, an affidavit of Linda Morgan, an affidavit of Justin Morgan, and a portion of the deposition testimony of defendant Joseph Orban in support of their motion. The plaintiffs filed a memorandum of law, a copy of the police accident report, and requests to admit with responses of defendant Justin Morgan in opposition to the defendants' motion.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an CT Page 5254 issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-55, ___ A.2d ___ (1998).
I. Summary Judgment as to defendant Justin Morgan
The defendants argue that the plaintiffs' claim against Justin Morgan is barred by the applicable statute of limitations, General Statutes § 52-584, because Justin Morgan was not cited in or served within two years from the date of the accident and alleged injuries.[1] The plaintiffs argue that they did not find out that Justin Morgan was driving until the deposition of defendant Joseph Orban because the defendants misrepresented who was driving to the police officer who responded to the scene. The plaintiffs argue that the statute of limitations was tolled by fraudulent concealment and that the action is not time barred because the plaintiffs brought their claim within two years of the time when they reasonably could have discovered the driver's identity, and within three years of the accident.[2]
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996). "A summary judgment is proper where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." (Internal quotation marks omitted.) Collumv. Chapin, 40 Conn. App. 449, 453, 671 A.2d 1329 (1996). In the present case, the defendant, Justin Morgan, submitted his affidavit in which he states that on August 12, 1993, he was the operator of a vehicle which was struck from behind and was thereby pushed forward into the Hamilton vehicle. The court notes that the motion to cite in Justin Morgan as a party defendant was granted by Judge Tobin on July 22, 1996. The court also notes that the sheriff's return, dated August 12, 1996, indicates that Justin Morgan was served in this action. Thus, the claim against Justin Morgan was brought more than two years from the date of the accident and alleged injuries.
The plaintiffs fail to provide evidence to substantiate their assertion that they did not find out that Justin Morgan was the driver until the deposition of Joseph Orban. Additionally, the CT Page 5255 plaintiffs fail to even include evidence as to when this deposition occurred. Although the plaintiffs submitted a copy of the police accident report, this report is not evidence that theplaintiffs initially did not know who the driver was, and is not evidence of when they reasonably could have discovered, or did indeed discover, that Justin Morgan was the driver. The plaintiffs merely assert in their memorandum that they did not discover Justin Morgan to be the driver until Mr. Orban's deposition; they also fail to show when that occurred. This assertion is insufficient to establish the existence of a material fact which would impede the application of the two year limitations period to the date of the accident and alleged injuries — August 12, 1993.
Summary judgment in favor of Justin Morgan is granted based on the expiration of the statute of limitations.
II. Summary Judgment as to defendant Linda Morgan
The defendant, Linda Morgan, argues that her affidavit together with the deposition testimony of Joseph Orban, shows that Mr. Orban was solely at fault in this collision. Ms. Morgan argues that, therefore, there are no genuine issues of material fact regarding her liability.
The court notes that the Superior Court has been split as to whether the court may consider deposition testimony in ruling on a motion for summary judgment. Schratwieser v. Hartford CasualtyIns. Co., 44 Conn. App. 754, 759 n. 1, 692 A.2d 1283, cert. denied241 Conn. 915 (1997). In Schratwieser, the Appellate Court declined to specifically address the propriety of deposition testimony in relation to summary judgment motions. The Appellate Court did state, however, "we have not determined it to be improper for a trial court to consider deposition testimony in ruling on a motion for summary judgment." Id.
In the present case, even if the court were to consider Mr. Orban's deposition testimony, his statements that he caused the accident can not eliminate the questions of fact regarding the alleged negligence or recklessness of the defendants. For example, the complaint alleges that Linda or Justin Morgan was negligent in failing to take evasive action to avoid the collision.
The court, however, still finds that summary judgment as to CT Page 5256 Linda Morgan is appropriate. The allegations of the complaint sound in negligence or recklessness in relation to the operation of the vehicle. There is no genuine issue of fact as to who was operating the vehicle. The defendant submitted her affidavit which states that on August 12, 1993, she was a passenger in her car when it was struck from behind and was thereby pushed forward into the Hamilton vehicle. Justin Morgan states in his affidavit that he was the driver; and in the requests to admit submitted by the plaintiffs, Justin Morgan admits driving the car and hitting the plaintiff's car. "[A] party's answers in response to a request for admissions are judicial admissions because matters so admitted are conclusively established unless the court on motion permits withdrawal or amendment of the admission." C. Tait J. LaPlante, Handbook of Connecticut Evidence (2d Ed. 1988) § 6.7.2; See Practice Book § 240, now Practice Book (1998 Rev.) § 13-24.
The evidence that Justin Morgan was the driver, along with Linda Morgan's affidavit stating that she was the passenger eliminate the factual issues contested in the pleadings regarding Linda Morgan's alleged negligent or reckless operation of her vehicle. Therefore, Linda Morgan is entitled to summary judgment.
For the foregoing reasons, the defendants' motion for summary judgment is granted.
MINTZ, J.