[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 12, 1998 the defendant, Bridget Ann Kingsbury filed a Motion for Summary Judgment alleging that there were no material facts in dispute regarding her liability in a multi-vehicle collision which occurred on February 27, 1995. Defendant Kingsbury filed a Memorandum in Support of her Motion for Summary Judgment, with supporting documentation. The plaintiff has neither filed an Objection to the Motion for Summary Judgment nor submitted any documentation in opposition to the Motion.
The pertinent facts are as follows. The plaintiff was driving his vehicle in a southerly direction in the left most lane of Interstate 91 just south of New Haven. Defendant, Cathleen Murphy, was also driving in a southerly direction when she lost control of her car and ultimately struck the plaintiff's car. The plaintiff's vehicle was also struck by defendant Peter Durkee's vehicle. The allegations in the plaintiff's complaint assert that defendant Kingsbury collided with the plaintiff's vehicle after failing to keep her vehicle under proper control; failing to keep a proper lookout; and failing to keep a proper distance from the car in front of her.
The defendant failed to attach an affidavit to his Motion, as is required by the Connecticut Practice Book § 17-45, instead attaching portions of three uncertified transcripts of party depositions. These depositions reveal that the plaintiff CT Page 167 testified that he had no recollection of defendant Kingsbury at the scene, whereas defendant Durkee testified that he saw the impact between the plaintiff's vehicle and Kingsbury's vehicle. Defendant Durkee testified that the plaintiff struck Defendant Kingsbury's vehicle. Defendant argues that because the plaintiff does not recall her presence at the scene of the accident she is entitled to Summary Judgment. She further argues that defendant Durkee's testimony supports the conclusion that the plaintiff and not the defendant caused the collision.
"Motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279
(1989). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like . . . The adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence." Connecticut Practice Book, § 17-45. "When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 795 (1995). "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact." D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980). A trial court "must view the evidence in light most favorable to the nonmoving party." (Citations omitted). Schratweiser v. Hartford Casualty InsuranceCo., 44 Conn. App. 754, 757 (1997).
Whether or not defendant Kingsbury was at the scene is not an established fact as the defendant suggests. The police report which she attached as Exhibit B to her Motion clearly identifies the defendant as one of the operators involved in the collision. Therefore, she is not entitled to summary judgment on that basis. However, turning to the issue of whether there are any facts in dispute as to whether defendant Kingsbury was negligent or not, this court finds that there are not. Based on the information available to the court, there are no facts which could be submitted to a jury which would support the plaintiff's claim that defendant Kingsbury was negligent. "[U]nadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary CT Page 168 judgment." New Milford Savings Bank v. Roina, 38 Conn. App. 240,245 (1995).
Therefore, defendant Kingsbury's Motion for Summary Judgment is granted.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT