[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed a motion for summary judgment on the first two counts of his complaint. The defendant filed an objection, without a supporting brief, merely asserting that the plaintiff's motion should be denied because there are material facts in dispute.
The plaintiff brings this action to collect on mortgages and notes it received from the defendant. He argues, and the defendant does not dispute, that the terms of the contractual agreements between the parties are clear and unambiguous.
The defendant failed to attach an affidavit to his motion, as is required by the Connecticut Practice Book, section 17-45.
"Motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279
(1989). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like . . . The adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary CT Page 6692 evidence." Connecticut Practice Book, § 17-45. "When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 795 (1995). "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact." D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980). A trial court "must view the evidence in light most favorable to the nonmoving party." (Citations omitted). Schratweiser v. Hartford Casualty InsuranceCo., 44 Conn. App. 754, 757 (1997).
Based on the information available to this court, there are no material facts in dispute. "[U]nadmitted allegations in pleadings do not constitute proof of the evidence of a genuine issue as to any material fact on a motion for summary judgment."New Milford Savings Bank v. Roina, 38 Conn. App. 240, 245 (1995).
Accordingly, the plaintiff's motion for summary judgment is granted.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT