[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Germaine McCarroll, filed an amended complaint against the defendants, James and Linda Marquis, alleging negligence after suffering a fall at their residence. She alleges that while attempting to exit a patio door, she slipped on a skateboard left near the doorway causing her to fall and to suffer the injuries set forth.
The defendants filed an answer and special defense on which they assert that the plaintiff was contributorily negligent by walking with a tray in a manner which blocked her vision, being inattentive to her surroundings, failing to keep a reasonable and proper lookout, failing to exercise reasonable care under the circumstances, and failing to verify sure footing upon exiting the patio door. They now move for summary judgment claiming there is no genuine issue as to any material fact.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Id., 751-52. Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) CT Page 14096Lees v. Middlesex Ins. Co., 219 Conn. 644, 650 (1991). The party moving for summary judgment has the burden of proving the nonexistence of any material fact. "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty,Co., 235 Conn. 185, 202 (1995).
The defendants argue that to breach the duty of care to a social invitee, they must have had actual or constructive notice of the skateboard's presence by the patio door and a reasonable time within which to remedy the situation. They contend that they had no such knowledge, and that the plaintiff offers no evidence to the contrary. The defendants conclude that summary judgment is warranted because, absent evidence of a specified period in which the skateboard was by the door, a trier of fact could not find that they breached a duty of care to the plaintiff. In support, the defendants offer personal affidavits attesting to this lack of knowledge, and excerpts of the plaintiffs deposition testimony.[1] The plaintiff objects to the summary judgment motion on the basis that discovery is incomplete, and that the defendants' self-serving affidavits do not adequately address the issue of whether the defendants had constructive knowledge of the skateboard's presence. The plaintiff merely argues that discovery is incomplete, and that all the material facts have not yet been disclosed.
"The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." (Emphasis added.) Pion v. Southern New EnglandTelephone Co., 44 Conn. App. 657, 660 (1997). However, a determination of negligence "is necessarily one of fact," and therefore not appropriate for summary judgment. Michaud v.Gurney, 168 Conn. 431, 434 (1975). The duty owed to a social invitee is the same as that owed to a business invitee; General Statutes § 52-557a; defendants must have kept their premises in a reasonably safe condition. Cruz v. Drezek, 175 Conn. 230,234 (1978); Gulycz v. Stop Shop Cos., 29 Conn. App. 519, 521, cert. denied, 224 Conn. 923 (1992). To breach the duty owed this plaintiff, the defendants must have had actual or constructive knowledge of the skateboard's presence near the patio door with reasonable time to remedy the condition. Gulycz v. Stop ShopCos., supra, 521. Although defendants argue that they did not breach the duty owed to the plaintiff as a social invitee, they CT Page 14097 offer insufficient support for this contention. Averments contained in an affidavit that are merely denials of the allegations in a complaint, as is the case here, "are an insufficient basis for the rendition of summary judgment."Gambardella v. Kaoud, 38 Conn. App. 355, 360 (1995). In their affidavits supporting their motion for summary judgment, the defendants deny having actual or constructive knowledge of how or when the skateboard that the plaintiff slipped on came to be in front of the patio door, but fail to offer any other evidence that would prove the lack of a genuine issue as to any material fact. These affidavits are wholly self-serving in nature, and it is "appropriate to hold an affidavit submitted by a moving party to a stringent standard." Evans Products Co. v. Clinton BuildingSupply, Inc., 174 Conn. 512, 516 (1978). "Self-serving affidavits of moving parties are insufficient to support a motion for summary judgment." Graham v. Posta, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310102 (October 8, 1997, Melville, J.).
While it is not improper for the court to consider the plaintiffs deposition testimony in ruling on this motion; seeSchratwieser v. Hartford Casualty Insurance Co.,44 Conn. App. 754, 756 n. 1, cert. denied 241 Conn. 915 (1997); this testimony fails to eliminate any genuine issue as to whether the defendants had knowledge of the skateboard's presence near the door. The plaintiff has offered no evidence in opposition to the defendants' motion, but the defendants have failed to sufficiently prove the nonexistence of any genuine issue of material fact.
"Summary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether a standard of care was met in a specific situation." (Internal quotation marks omitted.) Michaud v. Gurney, supra, 434. This court finds that the defendants' supporting documentation fails to eliminate the factual issue of whether the defendants had actual or constructive knowledge of the skateboard's presence near the patio door. For the foregoing reasons, the defendants' motion for summary judgment is denied.
Moraghan, J.