[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
On July 22, 1999, the Defendant, Team Fleet Services Corporation, hereafter "Team Fleet", filed its motion for summary judgment in the above captioned matter as well as the related case Diane Brown v. Team Fleet Services, Inc. Docket No. CV 98-0085750S. Plaintiff Beverly Hale objected to the motion. The complaint arises out of a three-car "chain-reaction" motor vehicle accident, which occurred on November 17, 1996. Natalie Brown was a passenger in a vehicle operated by her mother, Diane Brown. The accident allegedly occurred as a result of the Brown vehicle's evasive action taken when another vehicle, hereafter the "Abernathy" vehicle, moved into their lane of travel on I-91 southbound in Middletown. The Abernathy vehicle was forced to take such action due to the improperly parked vehicle of the Defendant Hale in the left travel lane. The Defendant Team Fleet owned the parked vehicle. It had leased this vehicle to Beverly Hale as the sole authorized driver. When the accident occurred, David Hale, grandson of the Plaintiff, the authorized driver, had been driving the vehicle.
The Defendant Team Fleet claims that because David Hale was an unauthorized driver, as a matter of law, it has no liability for the Plaintiff's injuries pursuant to the applicable leasing statute, Connecticut General Statutes § 14-154(a). The Plaintiff Beverly Hale alleges that there is a genuine and material issue of fact. Specifically, she argues that the circumstances, which caused the Hale vehicle to be involved in this collision, arose from an emergency situation beyond the control of both the authorized and unauthorized driver. Because there is a disputed issue of fact, they claim, this issue should CT Page 15898 be presented to the trier of fact, the jury.
"[Summary judgment] is appropriate only if a fair and reasonable person could conclude in only one way. . . . A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light mostfavorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion that that embodied in the verdict as directed." (Internal citations omitted. Emphasis inoriginal.) Miller v. United Technologies Corp. , 233 Conn. 732,751, 660 A.2d 810 (1995). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal citations omitted.) Prion v.Southern New England Telephone, 44 Conn. App. 657, 663,691 A.2d 1107 (1997).
In this case, the Plaintiff offered into evidence the certified deposition of the lessee of the vehicle, Beverly Hale. The Appellate Court has not found it improper for the trial court to consider deposition testimony in ruling on a motion for summary judgment. Schratwieser v. Hartford Country Casualty Ins.Co., 44 Conn. App. 754, 756 n. 1, 692 A.2d 1283 (1997). In the deposition, Mrs. Hale testifies to facts which support the claim advanced by her, namely that an emergency arose which was not of their doing. Viewing this testimony in the light most favorable to the nonmovant, Mrs. Hale, the court must so find. The court concludes from a review of the deposition and the pleadings that there is, as the Plaintiff claims, a genuine and material issue of fact. The court therefore denies the motion for summary judgment and sustains the objections thereto.
Barbara M. Quinn Judge