[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
On September 14, 2000, the Plaintiff filed a substitute complaint, following the granting of a motion to strike certain counts of the complaint. (Kocay, J.) On August 9, 2001, the Defendants, Sabino's Restaurant Lounge, Joseph Sabino and Carol Paparallo, hereafter the "Sabino" defendants, filed a motion for summary judgment, which the Plaintiff opposes by objection dated September 21, 2001. For the reasons set forth in detail below, the court denies the motion and finds that there are genuine issues of material fact which should he heard and determined by the trier of fact.
 1. ISSUE: Are there genuine issues of material fact as a result of which the "Sabino" defendants could be held liable under the Dram Shop Act, General Statutes § 31-30, and could be found to have engaged in reckless and wanton conduct in selling liquor to the Defendant Guy S. Blauvelt?"
2. FACTS AND CLANS
The substitute complaint alleges that the Plaintiff was operating his motor vehicle in Bristol, Connecticut, in the early morning hours of March 7, 1999. A truck plowing snow that night made a left turn in front of his vehicle and the plow struck his vehicle, causing the injuries and damages which the plaintiff claims he suffered. Later events would show that the first named defendant, Guy S. Blauvelt, was then driving the CT Page 14895 truck, while the son of the owner of the truck was a passenger in the truck. Count four of the substitute complaint alleges that the Sabino defendants sold the defendant Guy Blauvelt intoxicating beverages in violation of the Dram Shop Act. This was done, the plaintiff claims, when the defendant Guy Blauvelt was already intoxicated while a patron of the restaurant that evening. The fifth count alleges that Sabino Defendants engaged in wanton and reckless conduct in selling the defendant Guy Blauvelt such beverages.
The Sabino defendants moved for summary judgment, arguing that there are no genuine material issues of fact. They rely on certain deposition testimony by the defendant Guy Blauvelt, as well as that of another restaurant patron that evening. In his deposition, the defendant Guy Blauvelt states he only consumed only one drink that night. lie also states that he was not intoxicated and that no one at Sabino's said anything to him about being intoxicated that evening. In addition, the other restaurant patron testified in his deposition that the defendant Guy Blauvelt did not appear intoxicated on that night.
Opposing these factual claims is the deposition testimony of the plaintiff stating that the tow truck operator who removed the plaintiff's car from the accident scene had told him he knew the operator of the other vehicle involved had been drinking earlier that evening at Sabino's and was intoxicated. The Sabino defendants contest this claim and provided the deposition testimony of the tow truck operator, in which he testified that he did not recall making any statement to the plaintiff about Guy Blauvelt's being intoxicated. Despite this contradictory deposition testimony, the Sabino defendants claim that there is no genuine issue of material fact about their involvement in this matter and that the motion for summary judgment as to counts four and five should be granted.
Plaintiff objected to the motion for summary judgment, citing the deposition testimony outlined above. He also claims that because Guy Blauvelt left the scene of the accident and admitted he had consumed alcohol, a reasonable inference could be drawn by the trier of fact that Guy Blauvelt was intoxicated on the evening in question and wished to avoid any questioning by the police while in that state. The plaintiff maintains that there are genuine issues of material fact which deserve to be heard and resolved by the trier of fact.
3. LAW AND DISCUSSION
"[Summary judgment] is appropriate only if a fair and reasonable person could conclude in only one way. A summary disposition should be on evidence which a jury would not be at liberty to disbelieve and which CT Page 14896 would require a directed verdict for the moving party. [A] directed verdict may be rendered only where, on the evidence viewed in the lightmost favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Internal citations omitted. Emphasis in original.) Miller v.United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal citations omitted.)Pion v. Southern New England Telephone, 44 Conn. App. 657, 663,691 A.2d 1107 (1997).
In this case, the plaintiff and the defendants provided certain deposition transcripts for the court to review as well as additional transcripts after oral argument. The Appellate Court has held that the court may consider deposition testimony in ruling on a motion for summary judgment. Schratwieser v. Hartford Casualty Ins. Co., 44 Conn. App. 754,756 n. 1, 692 A.2d 1283 (1997). Viewing the plaintiff's testimony as well as the known actions of the defendant Guy Blauvelt in leaving the scene of the accident in the light most favorable to the plaintiff, the court concludes that there are negative inference which could be drawn by the trier of fact. Those inferences would primarily be based on the trier's observations and decisions about the demeanor and truthfulness of the witnesses. The court concludes, from a review of the depositions and the pleadings, that there are genuine and material issues of fact. The court therefore denies the motion for summary judgment and sustains the objection thereto.
BY THE COURT
Barbara M. Quinn Judge