[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding is a motion for summary judgment filed by Travelers Casualty Surety Company of America on or about February 21, 2002 and the plaintiff's and Metropolitan Property and Casualty Insurance Company's and David Hendel's cross motions for summary judgment dated on or about April 15, 2002. The plaintiff has asserted that Travelers Casualty Surety Company (hereinafter "Travelers") breached its insurance contract with the plaintiff, that it acted in bad faith, that it engaged in unfair trade practices, and that it has further engaged in unfair insurance practices. These various theories are all set forth in separate counts and arise out of a motor vehicle accident which occurred on November 14, 1995, at 6:40 a.m., approximately six (6) hours after the plaintiff's insurance policy with it expired. He further claims that Travelers failed to properly notify him of its intent not to renew the policy and, consequently, that the policy did not expire at its stated time. Travelers, of course, has denied the claim and now moves as indicated for summary judgment. The subject policy was issued on October 30, 1994, and by its terms, expired at 12:01 a.m. on October 30, 1995. It sent the plaintiff a notice of its intent not to renew the policy at the end of the term. The notice was not sent within sixty (60) days of the termination date as required. Recognizing the error, Travelers immediately sent another notice of nonrenewal to the plaintiff, changing the policy termination date from October 30, 1995 to November 14, 1995. That second notice of intent not to renew was sent within sixty (60) days of the new (extended) policy termination date. The plaintiff received the second notice.
The plaintiff and/or his agent (hereinafter "Hendel") never requested a renewal of this policy and never tendered a premium for such renewal. The CT Page 9770 reason for Wallison's actions with respect to Travelers was the result of a new policy obtained through the assigned risk plan with Metropolitan Property and Casualty Insurance Company (hereinafter "Metropolitan"). The agent indicated that he does not select the insurer for the applicant in the assigned risk program but merely fills out the application for coverage and that coverage is assigned to the next insurer in line. As Travelers recites: "For reasons that are the subject of disagreement among the plaintiff, Metropolitan and the plaintiff's insurance agent, Hendel, the inception date of the Metropolitan policy was November 17, 1995, some 3 days after the motor vehicle accident in question." Hendel recites that the three (3) day gap in coverage was due to the fact that Wallison was unable to acquire the funds necessary to pay the premium of the Metropolitan policy. Wallison asserts that the gap in coverage was the result of Hendel's failure to procure a new policy for him. Each of the parties has submitted what they call an undisputed statement of material facts. Melding their respective versions will be of assistance in understanding exactly what the controversy is.
The plaintiff was insured with Travelers for a one year period from October 30, 1994 through October 30, 1995, and that policy expired no later than 12:01 a.m. on November 14, 1995. If Travelers intended not to renew the plaintiff's policy, it was obligated to provide the plaintiff with sixty (60) days notice in accordance with Sec. 38a-323 (a) of the General Statutes, which recites, inter alia, in subsection (c): "Failure of the insurer or its agent to provide the insured with the required notice of nonrenewal or premium billing shall entitle the insured to: (1) Renewal of the policy for a term of not less than one year . . . ." Travelers did not provide the plaintiff with notice of its intent not to renew his policy sixty (60) days in advance of the policy's October 30, 1995 expiration date. Approximately six (6) hours after the expiration of the Travelers' policy, the plaintiff was in a motor vehicle accident which is the subject of this particular litigation. In its September 12, 1995 letter to the plaintiff, Travelers admitted that, "we failed to provide you with proper notification" and also informed the plaintiff that "[a]s a result of this oversight, we are extending the October 30, 1995 expiration date of your assignment period . . . ." The unilateral extension of the policy period was from October 30, 1995 to November 14, 1995. At no time did Travelers refuse any request to renew the plaintiff's motor vehicle insurance policy. In accordance with subsection (2) of Sec. 38a-341 of the General Statutes, "Renewal" or "to renew" means, among other things, the issuance and delivery of a certificate of notice extending the policy beyond its policy period or term. Travelers recites that Sec. 38a-323 provides:
 (a) No insurer shall refuse to renew any policy unless such insurer or its agent shall send . . . at least sixty [60] days' CT Page 9771 notice of its intention not to renew . . . (b) failure of the insurer or agent to provide the insured with the required notice of non-renewal . . . shall entitle the insured to:
 (1) renewal of the policy for a term of not less than one year, and
 (2) the privilege of pro rata cancellation at the lower of the current or previous years rates if exercised by the insured within sixty [60] days from the renewal date or anniversary date . . . .
Wallison cites Sec. 38a-341 (2), inter alia: "Any policy with a policy period or term of less than six [6] months shall, for the purpose of Sections 38a-241 to 38a-346, inclusive, be considered as if written for a policy period or term of six (6) months and any policy written for a term longer than one year or any policy with no fixed expiration date, shall . . . be considered as if written for successive policy periods or terms of one year."
In ruling upon the motion, cross motions and the objections thereto, certain rubrics should be considered. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 17-49 of the Practice Book. The remedy is appropriate only if a fair and reasonable person could conclude only one way. Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751 (1995). Summary disposition should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. Miller v.United Technologies Corp., supra, 752. In deciding a motion for summary judgment, the trial court must view the evidence in a light most favorable to the non-moving party. Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). A genuine issue has been variously described as a triable, substantial or real issue of fact and has been defined as one which can be maintained by substantial evidence. United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 375-381 (1968). A material fact is defined adequately and simply as a fact which will make a difference in the result of the case. United Oil Co. v. UrbanRedevelopment Commission, supra, 379. Finally, in ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist.Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
It is somewhat interesting to note that neither the plaintiff nor the defendant Travelers have offered any affidavits in support of their CT Page 9772 motions. In fact, the only affidavit offered was offered by the defendants, Metropolitan Property and Casualty Insurance Company and Hendel, who offered the affidavit of Robert R. Googins, an Adjunct Professor of Law at the University of Connecticut School of Law and a former insurance commissioner of the state of Connecticut. He was retained as an expert by Metropolitan and sets forth a predicate of facts upon which he bases his opinions. That affidavit might be considered left-handed assistance to the plaintiff Wallison's position. There are three requirements necessary to permit the consideration of material contained in affidavits submitted in a summary judgment proceeding. "The material must: (1) be based on `personal knowledge'; (2) constitute facts that would be admissible at trial; and (3) affirmatively show that the affiant is competent to testify to the matters stated in the affidavit."Barrett v. Danbury Hospital, 232 Conn. 242, 251 (1995); Sec. 17-46 of the Practice Book.
While it was not done in this case, when a party presents an affidavit stating reasons why he is presently unable to proffer evidentiary affidavits, he directly and forthrightedly invokes a trial court's discretion. Unless dilatory or lacking in merit, the motion should be liberally treated. Exercising sound discretion, the trial court then determines whether the stated reasons are adequate. Plouffe v. New York,N.H. H.R. Co., 160 Conn. 482, 490 (1971).
Our judges are divided as to whether deposition testimony, either uncertified or certified, may be considered for the purposes of a motion for summary judgment. Schratwieser v. Hartford Casualty Ins. Co.,44 Conn. App. 754, 756 n. 1 (1997). There has been no appellate determination as to whether or not it may be proper for a trial court to consider deposition testimony in ruling on a motion for summary judgment. See Collum v. Chapin, 40 Conn. App. 449, 450 n. 2 (1996).Collum recites in dicta that while the plaintiff's deposition testimony is not conclusive as a judicial admission; General Statutes Sec. 52-200; it is sufficient to support entry of summary judgment in the absence of contradictory competent affidavits that establish a genuine issue as to any material fact. See Sec. 380 of the Practice Book. In this proceeding, the defense has submitted partial deposition testimony which is uncertified and no adequate documentation such as affidavits in support of the position it asserts. This court is satisfied that this dual failure is fatal to its motion for a summary judgment despite the statutory analysis and history it offers in argument. The plaintiff also falls short in the documentation he offers in support of his motion which to some extent duplicates some of Travelers' documentation.
The defendants, Metropolitan Property and Casualty Insurance Company and David Hendel, have objected to the motion for summary judgment filed CT Page 9773 by Travelers and moved for summary judgment in their own right on the ground there is no statutory provision permitting an insurer to unilaterally extend an insured's policy period for the limited purpose of rectifying its failure to provide the insured with sixty (60) days prior notice of its intent not to renew as required by Sec. 38a-323 of the General Statutes. In addition to the affidavit offered in support of the motion, which is quite persuasive, together with other documentation when viewed as a whole, they have offered a case which has been cited to the court which appears to be a logical and accurate authority for determination of the merits of these motions. The plaintiff, Metropolitan, and Hendel, cite to Stenson v. Northland InsuranceCompany, 42 Conn. App. 177 (1996) which held that because the carrier failed to provide the plaintiff with sixty (60) days advance notice of its intent not to renew its policy, the policy remained in effect. In addition to the principles cited in Stenson, the content of the affidavit of Metropolitan's attendant expert which, to reiterate, is highly persuasive and equally credible, convinces the court that the unilateral attempt to extend the policy term for sufficient time to permit the sixty (60) days period to be fulfilled is totally without statutory or case support. The defendants, Metropolitan and Hendel, may prevail on their motion for summary judgment. An order may enter denying the plaintiff Wallison's and the defendant Travelers Casualty Surety Company of America's motions for summary judgment, and the defendants Metropolitan Property and Casualty Insurance Company's and David Hendel's joint motion for summary judgment may be granted.
_______________________ Moraghan, J.T.R.